**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| E.W., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | **Civil Action No. 24-09306 (SRC)** **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff E.W. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from a determination that Plaintiff was no longer entitled to disability benefits upon reaching the age of eighteen on November 7, 2016. This claim was denied initially and on reconsideration. An ALJ then held a hearing on June 6, 2019. On February 4, 2019, this ALJ found Plaintiff not disabled as of her eighteenth birthday. The Appeals Council subsequently granted Plaintiff's request for review and remanded the matter back to the ALJ. ALJ Sharon Allard (the "ALJ") held two additional hearings on June 29, 2023,

and February 8, 2024, respectively. On May 28, 2024, the ALJ found the Plaintiff was not disabled as of her eighteenth birthday. Plaintiff sought Appeals Council review, and the Appeals Council denied the request. Plaintiff then filed this appeal.

At step three, the ALJ found that Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, with additional nonexertional limitations. Also at step four, the ALJ found Plaintiff has no past relevant work experience. At step five, the ALJ found there were jobs existing in significant numbers in the national economy that Plaintiff could have performed, considering her age, education, work experience, and residual functional capacity.

Plaintiff argues that the ALJ's decision denying disability benefits should be vacated and remanded for the following reasons: (1) the ALJ erred in concluding Plaintiff does not meet or medically equal several Listings at step three; and (2) at step four, the ALJ's RFC determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: (1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and (2) its failure to deal with the harmless error doctrine. Regarding the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's

determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. Ultimately, she cannot meet this burden set forth by Shinseki, and that failure is detrimental to almost every argument Plaintiff makes. While she alleges that the ALJ failed to sufficiently explain an aspect of the decision at various points, Shinseki requires a demonstration that the specific unexplained point was material and the failure to explain was prejudicial. Generally, Plaintiff faults the ALJ for not giving a fuller explanation without any demonstration that, but for the ALJ's failure to explain something in more detail, Plaintiff would have met the burden of proof of disability at steps one through four. Plaintiff fails to muster the evidence of record to persuade that, but for these errors, Plaintiff might have proven that she met the criteria for a specific listed impairment, or for a medical equivalence to a specific listed impairment. As a result, Plaintiff has failed to demonstrate that any of the alleged errors at step three harmed her.

Plaintiff's step three argument principally fails because it relies on a false premise: that the ALJ, by not explicitly discussing the Paragraph A criteria, somehow agreed that the undiscussed criteria had been met despite the lack of any discussion or statement to that effect. The ALJ wrote:

> The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.05, 12.06, and 12.10. In making this finding, the undersigned has considered whether the "paragraph B" criteria ("paragraph A or B" criteria of listing 12.05) are satisfied. To satisfy the "paragraph B" criteria . . .

(Tr. 582.) There is nothing in the ALJ's decision that indicates that the ALJ considered the "paragraph A" criteria or made any finding about them. There is thus no evidence that the ALJ agreed that the "paragraph A" criteria had been met. Furthermore, Plaintiff does not offer any evidence of record to show that the Paragraph A criteria are satisfied, based on the evidence of record. Because the ALJ did not stipulate that the paragraph A criteria for Listings 12.04, 12.06, and 12.10 had been met, and because Plaintiff has not mustered the evidence to show that the paragraph A criteria for these Listings has been met, Plaintiff has failed to demonstrate that she meets the criteria for Listings 12.04, 12.06, and 12.10. Without marshalling such evidence, Plaintiff is unable to meet the Shinseki burden of proof that any error at step three harmed her, and her step three argument fails.

Plaintiff's argument that she satisfies Listing 12.05 also fails. While that Listing 12.05 does contain requirements listed under the letters "A" and "B," these requirements are entirely different from the Paragraph A and B requirements of other Listings. Plaintiff's brief does not muster the evidence of record to make a demonstration that all of the specific requirements of Listing 12.05 are met. Absent such a demonstration, under Shinseki, no error in the analysis of the Listing 12.05 criteria can be material or harmful.

Plaintiff's arguments concerning the Paragraph C criteria similarly fall short. The crux of her argument here is that the ALJ failed to make certain findings concerning the criteria and that she meets the Paragraph C criteria because the record shows "an unchallengeable documented history of serious and persistent mental illness" and that Plaintiff lives a "severely encumbered lifestyle [that] satisfies the C2 criteria . . . ." (Plaintiff's Br. at 17, 19-21). These conclusory statements are insufficient to carry Plaintiff's burden of proof, by specific evidence of

record, that she meets all the Paragraph C criteria for the referenced Listings. But Plaintiff does not cite any specific evidence of record that the ALJ overlooked or omitted to support these arguments; instead, she argues that the evidence of record considered by the ALJ supports a contrary conclusion. This argument does not identify errors the ALJ made, nor does it show how any such errors caused Plaintiff harm; in other words, it does not meet the Shinseki standard.

While there are no precedential Third Circuit opinions in which the Court applied Shinseki in a social security case, two nonprecedential opinions are instructive. In Taylor v. Commissioner of Social Security, the Third Circuit affirmed the District Court's rejection of the claimant's argument that the ALJ failed to develop the medical evidence because the claimant "has not pointed to what information specifically was missing or what effect it would have had on the proceedings." 826 Fed. App'x 224, 226 (3d Cir. 2020). The Third Circuit found a similar issue in Melendez v. Commissioner of Social Security. It rejected the claimant's argument that the ALJ's failure to consider the newly enacted criteria warranted vacating and remanding the decision because that error was harmless. Melendez v. Comm'r of Soc. Sec., 2022 U.S. App. WL 4000389, at *7 (3d Cir. Sept. 1, 20220). The Third Circuit explained: "[W]e do not reverse unless Melendez can 'explain[] . . . how the . . . error to which he points could have made any difference.' Melendez cannot, because he cannot show how—even under the revised criteria—he could have established a per se disability." Id. at *8 (quoting Shinseki, 556 U.S. at 413).

The same is true for Plaintiff here: "[W]e do not reverse unless [Plaintiff] can 'explain[] . . . how the . . . error to which he points could have made any difference.'" Id. Generally, in

Plaintiff's arguments challenging the step three determination, Plaintiff does not explain how the error to which she points could have made any difference. She does not marshal any evidence of record to show that she meets all the relevant criteria for any specific listing. Thus, this Court has no basis to find that any error was material and harmful, as required by Shinseki. Absent a demonstration with such additional evidence, under Shinseki and Melendez, this Court has no basis to find the alleged error anything but harmless. Therefore, because Plaintiff's step three argument does not meet the Shinseki standard, this Court rejects it.

Plaintiff next argues that the ALJ's RFC determination was not sufficiently explained or supported by substantial evidence. The Court has reviewed the step four RFC analysis and disagrees. At this step, the ALJ considered both Plaintiff's self-reports of her symptoms and the objective medical evidence of her knee disorder, her weight, and her mental impairments. (Tr. 586-92). This medical evidence consisted of the medical opinions of numerous doctors, the ALJ's assessment of supportability and persuasiveness of each discussed in her decision, and medical records. Id. This Court finds the ALJ's decision to be carefully reasoned and finds that she carefully considered all the evidence of record. Plaintiff specifically challenges the RFC determination that she be limited to "simple and routine tasks" as lacking sufficient explanation. (Plaintiff's Br. at 47). But that is not the case here: the ALJ relied on and cited the opinion of Dr. Chiodo, who "opined that the claimant can understand, remember, and carry out simple instructions." (Tr. at 591). The ALJ also found the state agency psychological consultants' "opinion that the claimant has mild limitations in her ability to understand, remember, or apply information, interact with others, and adapt or manage herself" to be persuasive because it is consistent with the record. Id. These medical opinions constitute

substantial evidence which supports the step four RFC determination.

Further, just as with Plaintiff's step three argument, the step four challenge also fails to meet the Shinseki standard. Plaintiff makes no demonstration of how the evidence of record would support any additional or greater limitations; in other words, Plaintiff does not show how any error that occurred at this step was material or harmful in any way. Absent a demonstration of harmful error, under Shinseki, this Court has no basis to find prejudicial error at step four.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that Plaintiff was harmed by any errors. This Court finds the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: November 24, 2026